UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Big Stone Gap Division)

|  |  |
|---|---|
| KEN'S TOWING & SERVICE, LLC, a Kentucky limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DIGIT DIRT WORX, INC., a Tennessee corporation,<br><br>Defendant. | Civil Action No.  2:23CV10 |

**Serve:**

Digit Dirt Worx, Inc.
c/o Donald P. Garside, Registered Agent
1563 Willowridge Cir.
Jackson, Tennessee 38305-1866

## COMPLAINT

Plaintiff, Ken's Towing & Service, LLC, by counsel, for its Complaint against Defendant, DIGit Dirt Worx, Inc., states as follows:

## THE PARTIES

1.      Ken's Towing & Service, LLC, (hereinafter "Ken's Towing") is a limited liability company organized and existing under the laws of Kentucky.  Its member are Kenneth W. Childers and Allison M. Childers, both residents and citizens of Kentucky.  Thus, Ken's Towing is a citizen of Kentucky for purposes of diversity jurisdiction.

2.      DIGit Dirt Worx, Inc. (hereinafter "DDWI") is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business in Jackson, Tennessee.  Thus, DDWI is a citizen of Tennessee for purposes of diversity jurisdiction.

## JURISDICTION AND VENUE

3.       This is a civil action for breach of contract, amount due on account, and unjust enrichment.  This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the parties are all subject to this court's personal jurisdiction, and the work performed by Ken's Towing for DDWI occurred in Wise, VA which is located in the Big Stone Gap Division of the United States District Court for the Western District of Virginia.

## FACTUAL BACKGROUND

5.       On or about February 17, 2023, DDWI contracted with Ken's Towing to supply towing and clean up services for a trucking accident that occurred involving a tractor, trailer and 992K Caterpillar loader that had overturned.

6.       From February 17-18, 2023, Ken's Towing invested substantial time and expense providing services to DDWI.  Ken's Towing performed these services for the benefit of and with the knowledge of Defendant.  A copy of the invoice generated by Ken's Towing reflecting the services it provided to DDWI is attached hereto as **Exhibit 1** (the "Invoice").

7.       DDWI, in breach of its contract with Ken's Towing, has not paid the Invoice in the amount of $158,398.63 for services timely performed by Ken's Towing ("Balance Due").

8.       Despite Ken's Towing's demand for payment, DDWI has refused to pay to Ken's Towing the Balance Due.

9.       DDWI is indebted to Ken's Towing for the Balance Due.

864592:1

## COUNT I
### (Breach of Contract)

10.     The parties entered into a valid and enforceable contract for services.

11.     DDWI has materially breached the contract by failing to pay Ken's Towing for services performed totaling $158,398.63.

12.     Ken's Towing has fully fulfilled its obligations by performing the services and is entitled to the Balance Due, as well as pre-judgment interest, and other expenses.

## COUNT II
### (Action on Account)

13.     Ken's Towing performed services for DDWI for which Ken's Towing has not been paid.

14.     Ken's Towing has submitted the Invoice in the amount of $158,398.63 to DDWI and demanded the Balance Due.

15.     Defendant has failed to pay the Balance Due.

16.     Ken's Towing is entitled to payment of the Balance Due.

## COUNT III
### (Unjust Enrichment)

17.     By rendering services to Defendant as requested, Ken's Towing has conferred a benefit upon DDWI with a reasonable expectation of payment.

18.     DDWI has appreciated the benefit of the services rendered and accepted the services and the expectation of payment.

19.     By DDWI accepting the services it requested from Ken's Towing, it is inequitable for DDWI to retain the benefit without payment of the Balance Due for the services.

20.     DDWI is required to pay Ken's Towing the Balance Due.

864592:1

21.     Ken's Towing is entitled to judgment against DDWI in the amount of $158,398.63 plus interest from the due date through date of judgment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ken's Towing and Service, LLC, respectfully requests that the Court enter the following relief:

A.     Judgment in favor of Plaintiff on all counts in the total amount of $158,398.63, plus all costs and expenses Plaintiff has incurred, including reasonable attorney fees, plus interest at the statutory rate from the due date through date of judgment;

B.     A jury trial; and

C.     All further relief to which Plaintiff may be entitled.


Respectfully submitted,

**KEN'S TOWING & SERVICE, LLC**


By     /s/ *Brian H. Richardson*
            Counsel

Brian H. Richardson (VSB #92477)
Peter M. Pearl (VSB #22344)
Spilman Thomas & Battle, PLLC
P.O. Box 90
310 First Street, Suite 1100
Roanoke, Virginia 24002-0090
Telephone:    (540) 512-1800
Facsimile:    (540) 342-4480
Email: brichardson@spilmanlaw.com
        ppearl@spilmanlaw.com

*Counsel for Plaintiff*

864592:1